IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY L. JOHNSON                                                                    PETITIONER
ADC #157324

v.                                  4:21-cv-00790-KGB-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    BACKGROUND**

Petitioner Anthony Johnson, an inmate at the Tucker Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 2). On April 24, 2012, Mr. Johnson was charged by criminal information in St. Francis County Circuit Court with capital murder, rape, and kidnapping. *Johnson v. State*, 2019 Ark. App. 68, at 1, 571 S.W.3d 519, 520. On February 20, 2014, Mr. Johnson pleaded nolo contendere to reduced charges of manslaughter, with a habitual-offender enhancement, and false imprisonment in the

first degree. *Id.*; (Doc. No. 2 at 1). Additionally, the rape charge was *nol prossed*. *Johnson*, 2019 Ark. App. 68, at 1, 571 S.W.3d at 520. Pursuant to the negotiated plea, he was sentenced to twenty years for the manslaughter offense and the habitual-offender enhancement, and a ten-year suspended imposition of sentence for false imprisonment. *Id*. at 1-2; 571 S.W.3d at 520. Arkansas Court of Appeals later described the plea hearing as follows:

> At the hearing, Johnson's attorney explained to the circuit court the habitual-offender penalty expanded the statutory maximum to twenty years, which would be what the plea agreement called for; counsel also waived arraignment, stated the allegations would not be contested, and stipulated there was sufficient evidence to support a conviction. The circuit court asked if Johnson waived presentation of the evidence, and Johnson's attorney stated they waived both proof and presentation. The circuit court then asked Johnson if he understood that a Class C felony normally carried a sentencing range of no less than three years and no more than ten years, but with the habitual-offender penalty, he could be sentenced to twenty years in prison. Johnson stated he understood. The circuit court then asked Johnson if he understood he had an absolute right to plead not guilty and have a jury trial, in which the State would be required to prove each element of the offense charged beyond a reasonable doubt; Johnson stated he understood. Johnson told the circuit court he had fully and completely discussed the facts and circumstances with his counsel, and he was fully satisfied with his representation. Johnson then reiterated to the circuit court that he stipulated there was sufficient evidence to convict him and that his attorney had waived presentation of the evidence supporting his guilt. Johnson acknowledged to the circuit court that it was his signature on the "Nolo Contendere Plea Statement"; he had reviewed the document with his attorney; and he understood the information contained in the statement. The State then recommended Johnson be sentenced to twenty years for the offense of manslaughter, with a ten-year suspended imposition of sentence for the offense of false imprisonment to be served after Johnson's release from prison. The circuit court asked Johnson if he heard and understood the sentence, to which he replied yes. The circuit court then asked if the sentencing recommendation was what he thought it would be when he pleaded no contest; Johnson stated that it was.

*Id*. at 2-3; 571 S.W.3d at 520-21.

On March 18, 2014, Mr. Johnson was sentenced as a habitual offender, but the sentencing order indicated a criminal-history score of zero. (Doc. No. 8-2 at 1, 5); *Johnson*, 2019 Ark. App. 68 at 3; 571 S.W.3d at 521. An amended sentencing order was entered on April 22, 2014;

2

however, the order lacked Mr. Johnson's habitual offender status and continued to show a criminal-history score of zero. (Doc. No. 8-3 at 1); *Johnson*, 2019 Ark. App. 68, at 3; 571 S.W.3d at 521. On November 21, 2014, Mr. Johnson filed a petition in the circuit court to correct his sentence pursuant to Ark. Code Ann. § 16-90-111, arguing his manslaughter sentence was illegal because he had not been sentenced as a habitual offender. *Johnson*, 2019 Ark. App. 68, at 3; 571 S.W.3d at 521.

On March 21, 2018, almost three and a half years later,[1] the St. Francis County Circuit Court denied Mr. Johnson's motion to vacate an illegal sentence. *Id.* at 7, 571 S.W.3d at 523. A new judgment was entered on April 25, 2018, reflecting that Mr. Johnson had been sentenced as a habitual offender. (Doc. No. 8-4 at 1); *Johnson v. Payne*, 2021 Ark. 145, at 2. Mr. Johnson appealed the new sentencing order on September 20, 2018, (Doc. No. 8-5 at 1, 77) and the Arkansas Court of Appeals affirmed on February 6, 2019, highlighting Mr. Johnson's express waivers and understanding of the habitual offender enhancement during his 2014 plea hearing. *Johnson*, 2019 Ark. App. 68, at 10, 571 S.W.3d at 524. Mr. Johnson filed a petition for review by the Arkansas Supreme Court, which was denied on March 28, 2019. (Doc. Nos. 7 at 4; 8-9 at 1).

On July 15, 2020, Mr. Johnson filed a state habeas petition in Jefferson County Circuit

---

[1] Throughout the years, Mr. Johnson had multiple hearings and judges address his original motion and other additional claims. *Johnson*, 2019 Ark. App. 68, at 4-7, 571 S.W.3d at 521-22. In December 2015, Mr. Johnson was granted a new trial and appointed a public defender. *Id.* at 4, 571 S.W.3d at 521. In March of the following year, his appointed attorney informed the court Mr. Johnson did not want a new trial on capital murder, but instead an amended judgment addressing the manslaughter sentence. *Id.* In November 2017, Mr. Johnson filed a *pro se* motion for a nunc pro tunc order. *Id.* A few weeks later at his hearing, Mr. Johnson denied ever committing the convicted crimes, and instead accused the former prosecutor as the perpetrator. *Id.* at 5, 571 S.W.3d at 522. The presiding circuit judge recused and was replaced by Honorable David Laser for the March 2018, hearing. *Id.*

3

Court asserting the same illegal sentence allegation. (Doc. Nos. 2 at 3; 8-11 at 2); *Johnson*, 2021 Ark. 145, at 2. The petition was dismissed on September 15, 2020, and affirmed by the Arkansas Supreme Court on June 17, 2021. (Doc. Nos. 2 at 4, 6; 8-15 at 1); *Johnson*, 2021 Ark. 145, at 4.

Mr. Johnson filed the instant Petition for Writ of Habeas Corpus on September 3, 2021, reiterating similar claims regarding his habitual offender status. (Doc. No. 2). Mr. Johnson claims he was denied due process and his plea was coerced. (*Id.* at 5-6). Specifically, Mr. Johnson alleges (1) he was not charged as a habitual offender initially in his felony information, but only later in an amended sentencing order, and (2) he was not told of the twenty-year sentence and thus was "forced to plea." *Id.* Respondent counters that Mr. Johnson's petition is time barred, no equitable tolling applies, and a certificate of appealability should be denied. (Doc. No. 7 at 5). After careful consideration of Mr. Johnson's Petition (Doc. No. 2) and the Response (Doc. No. 7), for the following reasons I find the Petition should be dismissed as time barred.

## II.     ANALYSIS

### A.  Time Bar

#### 1. Statute of Limitation

Mr. Johnson's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Johnson has had multiple amended sentencing orders and hearings over their correction. *Johnson*, 2021 Ark. 145, at 1-2. If I presume the second amended order entered on April 25, 2018, starts the one-year period, rather than either the original or first amended 2014 orders, Mr. Johnson's petition still exceeds the one-year limit. Giving Mr. Johnson every benefit of the doubt, I will assume the judgment became final on May 25, 2018 – thirty days after the April 25, 2018, sentencing order that reflected Mr. Johnson's habitual offender status in line with his nolo contendere plea. (Doc. No. 8-4 at 1); *Johnson*, 2021 Ark. 145, at 1-2; *see* Ark. R. App. Crim. 2(a).

28 U.S.C. § 2244 (d)(2) states that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. Mr. Johnson filed his appeal of the

second amended order to the Arkansas Court of Appeals on September 20, 2018, 118 days after his final judgment. (Doc. No. 8-5 at 1). Pursuant to section 2244(d)(2), the time during which Mr. Johnson's petition was pending is excluded from the limitation period. The Arkansas Supreme Court denied Mr. Johnson's petition for review on March 28, 2019. (Doc. Nos. 8-9; 8-10).

Over a year passed before Mr. Johnson sought more relief. Mr. Johnson filed his state habeas corpus petition on July 15, 2020, 475 days after the final judgment and tolling calculations. (Doc. Nos. 2 at 3; 8-11 at 2); *Johnson*, 2021 Ark. 145, at 2. The Arkansas Supreme Court affirmed the denial of his state habeas corpus petition on June 17, 2021. (Doc. No. 2 at 4, 6); *Johnson*, 2021 Ark. 145, at 4. Mr. Johnson filed his Petition for Writ of Habeas Corpus on September 3, 2021. (Doc. No. 2).

Thus, 118 days passed between the time the judgment became final on May 18, 2018, and the filing of the appeal to the Arkansas Court of Appeals on September 20, 2018. 475 days elapsed between the Arkansas Supreme Court denial of discretionary review on March 28, 2019, and the filing of the state habeas petition on July 15, 2020. And 78 days passed between the Arkansas Supreme Court denial of the state habeas petition on June 17, 2021, and the submission of the instant Petition on September 3, 2021. Accordingly, Mr. Johnson's Petition for Writ of Habeas Corpus was filed 671 days after the judgment became final, which is outside the one-year period of limitation.

### 2. Equitable Tolling

While Mr. Johnson claims he is entitled to equitable tolling, a careful review of the Petition fails to show any support for such a finding. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary

6

circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Johnson has made neither showing. He claims he "has diligently pursued relief from his original conviction and the circuit court, with making said 'amendments' to his case, was continuously pursuing actions to obtain judicial relief through state courts. Yet upon his various, diligent pursuits, the state courts have stubbornly refused to provide relief." (Doc. No. 2 at 11). It is apparent that Mr. Johnson has been pursuing his claims in state court for several years. But the question at issue is whether Mr. Johnson has shown "reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas petition*." *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (citing *Holland*, 560 U.S. at 650) (emphasis in original); *see e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (holding federal habeas was time barred when attempted to exhaust state remedies without filing "protective" petition in federal court). And Mr. Johnson has failed to explain why he was unable to diligently pursue his federal rights.

Therefore, his Petition must be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Johnson has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Johnson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be

DISMISSED with prejudice.

    2.    A certificate of appealability not be issued.

DATED this 27th day of October 2021.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE