IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANTHONY L. JOHNSON**                                                                                                **PETITIONER**
**ADC #157324**

v.                                          Case No. 4:21-cv-00790-KGB-JJV

**DEXTER PAYNE, Director,**                                                                                          **RESPONDENT**
**Arkansas Division of Correction**

**ORDER**

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 9) regarding respondent Dexter Payne's motion to dismiss petitioner Anthony Johnson's pending petition for *writ of habeas corpus* (Dkt. No. 6). Mr. Johnson submitted objections to the Recommendations (Dkt. No. 11). Also before the Court are two motions submitted by Mr. Johnson; Mr. Johnson seeks an evidentiary hearing and a status update (Dkt. Nos. 10; 12).

After review of the Recommendations and Mr. Johnson's objections, and a *de novo* review of the record, the Court adopts Judge Volpe's Recommendations and grants Mr. Payne's motion to dismiss (Dkt. Nos. 6; 9). The Court denies as moot Mr. Johnson's motion for an evidentiary hearing and, through this Order, grants Mr. Johnson's request for a status update (Dkt. Nos. 10; 12).

**I.      Procedural Background**

Mr. Johnson filed a petition for a *writ of habeas corpus* on September 3, 2021, challenging his confinement as violative of the Due Process Clause (Dkt. No. 2). Mr. Payne filed a motion to dismiss to Mr. Johnson's petition on October 20, 2021 (Dkt. No. 6). Judge Volpe filed his Recommendations on October 27, 2021 (Dkt. No. 9). Mr. Johnson filed his reply to Mr. Payne's motion to dismiss and his motion for evidentiary hearing on November 3, 2021 (Dkt. No. 10). Mr.

Johnson also filed his objections to Judge Volpe's Recommendations on November 3, 2021, and Mr. Johnson filed the pending motion for a status update on June 3, 2022 (Dkt. Nos. 11–12).

## II.     The Proposed Findings and Recommendations

After careful consideration of the Recommendations and all objections, and after a *de novo* review of the record, the Court adopts the Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. No. 9).  However, the Court writes separately to address an issue raised by Mr. Johnson in his objections to the Recommendations (Dkt. No. 11, ¶ 3).

Mr. Johnson points out that Judge Volpe submitted his Recommendations only seven days after Mr. Payne submitted his motion to dismiss, a full week before Mr. Johnson submitted his response to Mr. Payne's motion to dismiss (Dkt. Nos. 6; 9–10; 11, ¶ 3).  Mr. Johnson claims he was owed 28 to 30 days to answer Mr. Payne's motion (Dkt. No. 11, ¶ 3).  Pursuant to Rule 7.2 of the Local Rules of the Eastern and Western Districts of Arkansas, parties opposing a motion are given 14 days from the date of service of copies of a motion and supporting documents to file a response opposing the motion.  The Court acknowledges that the timing of when Judge Volpe entered the Recommendations appears to run afoul of Local Rule 7.2.

However, Mr. Johnson has filed a response to the motion to dismiss and objections to Judge Volpe's Recommendations (Dkt. Nos. 10–11).  This Court has reviewed and considered both of these filings and reviewed *de novo* the entire record before it.  At this point in the litigation, Mr. Payne's motion to dismiss, filed on October 20, 2021, coupled with Mr. Johnson's response to that motion, is ripe for judicial decision (Dkt. Nos. 6; 10).  Moreover, this Court concludes, after *de novo* review of the record, that Mr. Johnson is not prejudiced by the timing of the submission of the Recommendations.

Mr. Johnson's petition is time barred, and the timing of the submission of the Recommendations does not change that fact. *See generally* 28 U.S.C. § 2244(d).

Given the posture of this case, the Court, in an effort to conserve scarce judicial resources by avoiding duplicative filings and recommendations, will not send this case back to Judge Volpe and will not conduct an evidentiary hearing when the outcome would not change by doing so. *See generally Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) (noting that the court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For these reasons, the Court adopts the Recommendations and grants Mr. Payne's motion to dismiss (Dkt. Nos. 6; 9).

### III. Mr. Johnson's Requests For An Evidentiary Hearing And Status Update

Mr. Johnson moved for an evidentiary hearing on November 3, 2021 (Dkt. No. 10). He also requested a status update on June 3, 2022 (Dkt. No. 12). Given that the Court adopts the Recommendations for the reasons explained, the Court denies as moot Mr. Johnson's motion for an evidentiary hearing (Dkt. No. 10). The Court grants Mr. Johnson's motion for a status update and provides that update through this Order.

### IV. Conclusion

For the foregoing reasons, the Court adopts Judge Volpe's Recommendations and grants Mr. Payne's motion to dismiss (Dkt. Nos. 6; 9). The Court dismisses Mr. Johnson's petition for a *writ of habeas corpus* with prejudice and declines to issue a certificate of appealability (Dkt. No. 2). *Davenport v. Kenney*, 100 F. App'x 590, 591 (8th Cir. 2004) (modifying dismissal for failure to comply with AEDPA's statute of limitation to be *with* prejudice); *see also McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely

constitutes a disposition on the merits."); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."). The Court denies as moot Mr. Johnson's motion for an evidentiary hearing and, through this Order, grants Mr. Johnson's request for a status update (Dkt. Nos. 10; 12).

It is so ordered this 12th day of September, 2022.

*[signature]*

Kristine G. Baker
United States District Judge